**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Georgia__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Hansen Air Pros, LLC |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | f/k/a Dial One Air Pros L.L.C.<br>d/b/a Hansen Super Techs |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 8 5 – 3 8 4 4 8 7 1 |

4. **Debtor's address**

**Principal place of business**

| 2609 | Cameron Street |
|---|---|
| Number | Street |

| Mobile | AL | 36607 |
|---|---|---|
| City | State | ZIP Code |

| Mobile | |
|---|---|
| County | |

**Mailing address, if different from principal place of business**

| 150 | S. Pine Island Road |
|---|---|
| Number | Street |

| Suite 200 | |
|---|---|
| P.O. Box | |

| Plantation | FL | 33324 |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

5. **Debtor's website** (URL)    https://airprosusa.com  and  https://hansensupertechs.com

Debtor    Hansen Air Pros, LLC
_____
Name

Case number *(if known)*_____

---

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

7. **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>  <u>3</u>  <u>8</u>  <u>2</u>

---

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

         District _____  When _____  Case number _____
                                        MM / DD / YYYY

---

| Debtor | Hansen Air Pros, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

■ Yes.

Debtor _See Schedule 1 attached hereto_    Relationship _____

District _Northern District of Georgia_    When _____
    MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
    City    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors** ✱

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ■ 200-999 | | |

Debtor  **Hansen Air Pros, LLC**
_____
Name                                                                    Case number *(if known)* _____

| | | | |
|---|---|---|---|
| **15. Estimated assets** * | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,000-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** * | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,000-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☑ $50,000,001-$100 million<br>☑ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/16/2025
            MM / DD / YYYY

✖ /s/ Andrew D.J. Hede
_____
Signature of authorized representative of debtor

Andrew D.J. Hede
_____
Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

✖ /s/ David B. Kurzweil
_____
Signature of attorney for debtor

Date  03/16/2025
     MM / DD / YYYY

David B. Kurzweil
_____
Printed name
Greenberg Traurig, LLP
_____
Firm name
3333        Piedmont Road N.E., Terminus 200, Suite 2500
_____
Number      Street

Atlanta                                                      GA              30305
_____
City                                                           State          ZIP Code

(678) 553-2100                                      kurzweild@gtlaw.com
_____
Contact phone                                         Email address

430492                                                    GA
_____
Bar number                                              State

* Answers to Questions 14-16 are on a consolidated basis with affiliated Debtors.

## SCHEDULE 1

### PENDING BANKRUPTCY CASES FILED BY THE DEBTOR AND CERTAIN AFFILIATES AND SUBSIDIARIES OF THE DEBTOR

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Georgia (Newnan Division) for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of AFH Air Pros, LLC.

| Debtor Name | EIN |
|---|---|
| AFH Air Pros, LLC | 88-3091228 |
| Air Pros Atlanta LLC | 85-0549512 |
| Air Pros Blue Star, LLC | 84-2711803 |
| Air Pros Boca LLC | 85-1041091 |
| Air Pros Colorado LLC | 84-4205526 |
| Air Pros Dallas L.L.C. | 85-2159408 |
| Air Pros One Source LLC | 85-2758103 |
| Air Pros Solutions Holdings, LLC | 88-3543431 |
| Air Pros Solutions, LLC | 84-3714745 |
| Air Pros Texas LLC | 84-2711803 |
| Air Pros Washington, LLP | 84-4891730 |
| Air Pros West LLC | 84-3900418 |
| Air Pros, LLC | 82-1033425 |
| CM Air Pros, LLC | 88-3260952 |
| Dallas Plumbing Air Pros, LLC | 88-2339861 |
| Doug's Service Air Pros, LLC | 87-4760347 |
| Dream Team Air Pros, LLC | 88-3558877 |
| East Coast Mechanical, LLC | 65-0163019 |
| Hansen Air Pros, LLC | 85-3844871 |
| Mauzy Air Pros, LLC | 88-3495902 |

**WRITTEN CONSENT OF SOLE MANAGER OF:**
**AIR PROS SOLUTIONS HOLDINGS, LLC and**
**AIR PROS SOLUTIONS, LLC**

**WRITTEN CONSENT OF SOLE MEMBER OF**
**AIR PROS SOLUTIONS, LLC**

**WRITTEN CONSENT OF SOLE MEMBER OF:**
**AIR PROS SOLUTIONS, LLC,**
**AFH AIR PROS, LLC,**
**AIR PROS, LLC,**
**AIR PROS ATLANTA LLC,**
**AIR PROS BLUE STAR, LLC,**
**AIR PROS BOCA LLC,**
**AIR PROS COLORADO LLC,**
**AIR PROS DALLAS L.L.C.,**
**AIR PROS ONE SOURCE LLC,**
**AIR PROS TEXAS LLC,**
**AIR PROS WEST LLC,**
**CM AIR PROS, LLC,**
**DALLAS PLUMBING AIR PROS, LLC,**
**DOUG'S SERVICE AIR PROS, LLC,**
**DREAM TEAM AIR PROS, LLC,**
**EAST COAST MECHANICAL, LLC,**
**HANSEN AIR PROS, LLC, and**
**MAUZY AIR PROS, LLC**

**WRITTEN CONSENT OF SOLE MANAGER OF**
**AIR PROS TEXAS LLC, and**
**AIR PROS WEST LLC**

**WRITTEN CONSENT OF THE PARTNERS OF**
**AIR PROS WASHINGTON, LLP**

**March 15, 2025**

The undersigned, being the (i) sole manager of **AIR PROS SOLUTIONS HOLDINGS, LLC**, a Delaware limited liability company ("Holdings"), and **AIR PROS SOLUTIONS, LLC**, a Delaware limited liability company ("Solutions"); (ii) the sole member of Solutions; (iii) the sole member of each of the entities set forth on Schedule A hereto (collectively, the "Subsidiary LLCs"); (iv) the sole manager of **AIR PROS TEXAS LLC** and **AIR PROS WEST LLC**; and (v) the partners of **AIR PROS WASHINGTON, LLP**, a Washington limited liability partnership (the foregoing entities set forth and described in (i) through (v), collectively, the "Companies") (the undersigned in such capacities, and not in any individual or personal capacity, individually and, collectively, the "Undersigned"), hereby takes the following actions and adopt the following resolutions, pursuant to (as applicable) the bylaws, limited liability company agreement, partnership agreement, or similar governing document of each Company (in each case as amended,

ACTIVE 705650479

restated, supplemented, or otherwise modified from time to time, the "Governing Documents") and the laws of the state of each Company's incorporation or organization, as applicable.

**WHEREAS**, the Undersigned has considered presentations by each Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business, and the undersigned has had the opportunity to consult with each Company's Management and Advisors and fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, the Undersigned has determined that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that each Company be authorized to file or cause to be filed a voluntary petition for relief (each, a "Chapter 11 Case", and collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia or in any other court of competent jurisdiction (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be necessary, appropriate, or desirable under applicable law in the United States;

**WHEREAS**, the Undersigned has determined that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that each Company retain and appoint professionals, as necessary, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, with a view to the successful prosecution of the Chapter 11 Cases;

**WHEREAS**, the Undersigned has determined that it is desirable and in the best interests of each Company that each Company enter into a senior secured priming debtor-in-possession term loan credit facility (the "DIP Facility") to be provided by certain lenders (the "DIP Lenders") to Solutions, as borrower, with the Companies as guarantors under the DIP Facility;

**WHEREAS**, the Undersigned has determined that it is desirable and in the best interests of each Company that each Company have access to the use of cash collateral, as defined in section 363(a) of the Bankruptcy Code (as defined below) (the "Cash Collateral"), that is security for (i) certain prepetition secured lenders (the "Prepetition Senior Lenders") party to that certain Credit Agreement dated as of October 31, 2022, as amended, restated, supplemented, or otherwise modified from time to time, by and among the lenders party thereto, Alter Domus (US) LLC, as disbursing agent and collateral agent (the "Prepetition Agent", and together with the Prepetition Secured Lenders, the "Senior Secured Parties"), and Solutions, as borrower, with the Companies as guarantors and loan parties thereunder, and (ii) all other secured obligations of any of the Companies, if any, as of the date of commencement of the Chapter 11 Cases ("Other Secured Parties"), and that each Company provide adequate protection to such Senior Secured Parties, Other Secured Parties, and other parties in interest, as necessary, for the use of any Cash Collateral;

**WHEREAS**, the Undersigned has determined that it is desirable and in the best interests of each Company to ratify the appointment of the chief restructuring officer to assist each Company with the successful prosecution of its Chapter 11 Case and to ratify and confirm all prior acts taken by such chief restructuring officer on behalf of each Company; and

2

**WHEREAS**, the Undersigned has determined that it is desirable and in the best interests of each Company to take the following actions and adopt the following resolutions.

## I.    CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that the Chief Restructuring Officer (as defined herein), any other duly appointed officer of each Company, and any member, manager, partner, administrative partner, or director, of each Company (each, an "Authorized Person", and collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to file or cause to be filed the Chapter 11 Cases under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "Chapter 11 Documents"), and to take any and all action such Authorized Person determines to be necessary, appropriate, or desirable in connection with the Chapter 11 Cases (including, without limitation, to pay fees, expenses, and taxes and to take any action to maintain the ordinary course operation of each Company's business) (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

## II.    CHIEF RESTRUCTURING OFFICER

**FURTHER RESOLVED**, that Andrew Hede of Accordion Partners, LLC, in his capacity as the duly appointed chief restructuring officer of each Company, shall be, and hereby is, authorized to negotiate, execute, deliver, file, and record any Chapter 11 Documents for the Chapter 11 Cases and to approve, direct, and/or initiate disbursements in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to employ the CRO and Accordion in accordance with applicable law;

**FURTHER RESOLVED**, that all acts heretofore taken by and on behalf of each Company by the CRO be, and hereby are, ratified, adopted, and approved in all respects.

ACTIVE 705650479

## III.    **RETENTION OF PROFESSIONALS**

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ the law firm of Greenberg Traurig, LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and obligations, including filing any Chapter 11 Documents, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Greenberg Traurig, LLP, in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed to employ Accordion Partners, LLC ("Accordion") as each Company's financial advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Accordion in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ the firm of Jefferies LLC, as each Company's investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized and empowered, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Jefferies LLC in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ Kurtzman Carson Consultants, LLC dba Verita Global, as the notice, claims, and balloting agent and administrative advisor (collectively, the "Claims Agent") to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the Claims Agent in accordance with applicable law;

4

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to employ any other professionals to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as such Authorized Person determines is necessary, appropriate, or desirable (including, without limitation, special counsel to the extent determined necessary, appropriate, or desirable), any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person;

## IV.  DIP FACILITY

**FURTHER RESOLVED**, that the form, terms, and provisions of that certain Senior Secured Priming Debtor-in-Possession Credit Agreement (as amended, restated, supplemented, or otherwise modified from time to time, the "DIP Credit Agreement"), by and among the DIP Lenders, Alter Domus (US) LLC, as disbursing agent and collateral agent for the DIP Lenders (the "DIP Agent"), Solutions, as borrower, and each of the other Companies, as guarantors, are hereby authorized and approved in the form presented, with such other changes as any Authorized Person executing and delivering the same shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record the DIP Credit Agreement and such other definitive agreements, documents, and instruments (including, without limitation, the related notes, security agreements, collateral agreements, pledge agreements, control agreements, guarantees, and mortgages) as are, in each case, determined by such Authorized Person to be necessary, appropriate, or desirable to effectuate the DIP Facility (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof) or as are otherwise required by the DIP Lenders or the DIP Agent (such agreements, documents, and instruments, together with the DIP Credit Agreement, the "DIP Loan Documents");

**FURTHER RESOLVED**, that the consummation of the transactions contemplated by the DIP Loan Documents (including Solutions' borrowing of loans thereunder, the Companies' guaranty of Solutions' obligations thereunder, and the Companies' grant of a security interest in all or substantially all of their assets in favor of the DIP Agent to secure the obligations thereunder), and the performance of the Companies' obligations under the DIP Loan Documents, are hereby authorized and approved;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to take all such further actions (including, without limitation, to pay all fees and expenses in accordance with the terms of the DIP Loan Documents)

5

which such Authorized Person shall determine are necessary, appropriate, or desirable to perform each Company's obligations under or in connection with the DIP Loan Documents and to carry out fully the purposes of the foregoing resolutions (any such determination to be conclusively evidenced by such Authorized Person's taking such further action);

## V.  <u>CASH COLLATERAL</u>

**FURTHER RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code, is authorized, empowered, and directed to provide adequate protection to the Senior Secured Parties and Other Secured Parties, as appropriate, for the use of the Cash Collateral;

## VI.  <u>GENERAL</u>

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to negotiate, execute, deliver, file, and record any amendments, restatements, supplements, or other modifications to the Chapter 11 Documents, DIP Loan Documents, and all other agreements, documents, and instruments contemplated by these resolutions which such Authorized Person shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon each Authorized Person, such Authorized Person (and such Authorized Person's designees and delegates) be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, to take or cause to be taken any and all such other and further action, and to negotiate, execute, deliver, file, and record any and all such agreements, documents, and instruments, and to pay all expenses and fees (including but not limited to filing fees) in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein (any such action to be conclusive evidence that such person deemed the same to meet such standard);

**FURTHER RESOLVED**, that the governing body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, for itself, or in its capacity as a member of any Company, which acts would have been approved by the foregoing resolutions except that such acts, actions, or transactions were taken or consummated before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, action, or transaction had been specifically authorized in advance by resolution of the governing body of each Company; and

6

**FURTHER RESOLVED**, that a facsimile or other electronically scanned copy of this consent shall be deemed an original and any person may rely upon a facsimile or other electronically scanned copy of this consent in determining the validity of the actions taken by the Undersigned hereunder.

* * * *

ACTIVE 705650479

**IN WITNESS WHEREOF**, the Undersigned has executed this consent as of the date first set forth above.  This consent may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. This consent shall be filed with the minutes of proceedings of each Company.

**SOLE MANAGER OF AIR PROS SOLUTIONS HOLDINGS, LLC**


*/s/ Lawrence Hirsh*
_____
Lawrence Hirsh


**SOLE MANAGER OF AIR PROS SOLUTIONS, LLC:**


*/s/ Lawrence Hirsh*
_____
Lawrence Hirsh

[Signature Page to Written Consent]

**SOLE MEMBER OF AIR PROS SOLUTIONS, LLC**

AIR PROS SOLUTIONS HOLDINGS, LLC


By:  */s/ Lawrence Hirsh*
Name:  Lawrence Hirsh
Title:   Sole Manager

[Signature Page to Written Consent]

**SOLE MEMBER OF:**

**AFH AIR PROS, LLC**
**AIR PROS, LLC**
**AIR PROS ATLANTA LLC**
**AIR PROS BLUE STAR, LLC**
**AIR PROS BOCA LLC**
**AIR PROS COLORADO LLC**
**AIR PROS DALLAS L.L.C.**
**AIR PROS ONE SOURCE LLC**
**AIR PROS TEXAS LLC**
**AIR PROS WEST LLC**
**CM AIR PROS, LLC**
**DALLAS PLUMBING AIR PROS, LLC**
**DOUG'S SERVICE AIR PROS, LLC**
**DREAM TEAM AIR PROS, LLC**
**EAST COAST MECHANICAL, LLC**
**HANSEN AIR PROS, LLC**
**MAUZY AIR PROS, LLC**


AIR PROS SOLUTIONS, LLC


By: ___*/s/ Lawrence Hirsh*_____
Name: Lawrence Hirsh
Title:   Manager


[Signature Page to Written Consent]

**SOLE MANAGER OF:**

**AIR PROS TEXAS LLC**
**AIR PROS WEST LLC**

AIR PROS SOLUTIONS, LLC


By: _____*/s/ Lawrence Hirsh*_____
Name:  Lawrence Hirsh
Title:   Manager

[Signature Page to Written Consent]

**PARTNERS OF AIR PROS WASHINGTON, LLP**

AIR PROS SOLUTIONS, LLC, Administrative Partner


By:  */s/ Lawrence Hirsh*
Name:  Lawrence Hirsh
Title:   Manager


AIR PROS, LLC

By: Air Pros Solutions, LLC, its sole member


By:  */s/ Lawrence Hirsh*
      Name: Lawrence Hirsh
      Title:   Manager

[Signature Page to Written Consent]

## **Schedule A**

### Subsidiary LLCs

1. AFH Air Pros, LLC, a Delaware limited liability company
2. Air Pros, LLC, a Florida limited liability company
3. Air Pros Atlanta LLC, a Georgia limited liability company
4. Air Pros Blue Star, LLC, a Florida limited liability company
5. Air Pros Boca LLC, a Delaware limited liability company
6. Air Pros Colorado LLC, a Colorado limited liability company
7. Air Pros Dallas L.L.C., a Texas limited liability company
8. Air Pros One Source LLC, a Colorado limited liability company
9. Air Pros Texas LLC, a Texas limited liability company
10. Air Pros West LLC, a Florida limited liability company
11. CM Air Pros, LLC, a Delaware limited liability company
12. Dallas Plumbing Air Pros, LLC, a Delaware limited liability company
13. Doug's Service Air Pros, LLC, a Delaware limited liability company
14. Dream Team Air Pros, LLC, a Delaware limited liability company
15. East Coast Mechanical, LLC, a Florida limited liability company
16. Hansen Air Pros, LLC, a Delaware limited liability company
17. Mauzy Air Pros, LLC, a Delaware limited liability company

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| AFH AIR PROS, LLC, *et al.*,[1] | Case No. 25-_____ |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND
LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, AFH Air Pros, LLC and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), respectfully represent as follows with respect to the Debtors' direct and indirect corporate ownership:

1.      AKAA Family, LLLP owns 75.19% of the membership interests in Air Pros Solutions Holdings, LLC.  No other corporation or entity owns 10% or more of the membership interests of Air Pros Solutions Holdings, LLC.  The following is a list of its equity interest holders, along with the nature of their equity interests and their addresses:

| Class A Units | | |
|---|---|---|
| **Holder** | **Units** | **Percentage Ownership** |
| AKAA Family, LLLP<br>P.O. Box 291676<br>Davie, FL  33329 | 771,702.1 | 75.19% |
| C&P Hansen Heating and Cooling, Inc.<br><br>ADDRESS ON FILE | 87,258.8 | 8.50% |

---

[1]  The last four digits of AFH Air Pros, LLC's tax identification number are 1228. Due to the large number of debtor entities in these chapter 11 cases, for which joint administration has been requested, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the proposed claims and noticing agent at [https://www.veritaglobal.net/airpros]. The mailing address for the debtor entities for purposes of these chapter 11 cases is:  150 S. Pine Island Road, Plantation, Florida 33020.

| | | |
|---|---|---|
| Doug's Service Company<br>1459 Tiger Drive<br>Thibodaux, LA  70301 | 10,963.2 | 1.07% |
| West Georgia Indoor Comfort, LLC<br>100 Corporate Park E Ct.<br>LaGrange, GA  30241 | 8,978.0 | 0.88% |
| Robert Daniel Blalock<br><br>ADDRESS ON FILE | 7,481.7 | 0.73% |
| C.M. Heating Inc.<br>c/o OKG Group, Inc. f/k/a CM Heating Inc.<br>1500 Industry Street, Suite 200<br>Everett, WA  98203 | 34,907.3 | 3.40% |
| Dream Team Services, LLC<br>39062 Reinninger Rd.<br>Denham Springs, LA  70706 | 2,644.5 | 0.26% |
| Universal Restoration, Inc.<br>1060 NE 27th Way<br>Pompano Beach, FL  33062 | 2,372.2 | 0.23% |
| Capital Finance Opportunities 1901C, LLC<br>13413 Galleria Circle, Suite Q-300<br>Austin, TX  78738 | 100,000.0 | 9.74% |

2.      Air Pros Solutions Holdings, LLC owns 100% of the membership interests in Air Pros Solutions, LLC.

3.      Air Pros Solutions, LLC owns 100% of the membership interests in the following Debtor entities:  Air Pros, LLC; AFH Air Pros, LLC; Air Pros Atlanta LLC; Air Pros Blue Star, LLC; Air Pros Boca LLC; Air Pros Colorado LLC; Air Pros Dallas L.L.C.; Air Pros One Source LLC; Air Pros Texas LLC; Air Pros West LLC; CM Air Pros, LLC; Dallas Plumbing Air Pros, LLC; Doug's Service Air Pros, LLC; Dream Team Air Pros, LLC; East Coast Mechanical, LLC; Hansen Air Pros, LLC; and Mauzy Air Pros, LLC.

4.      Air Pros Solutions, LLC owns 99.9% and Air Pros, LLC owns 0.01% of the partnership interests in Air Pros Washington, LLP.

| Fill in this information to identify the case: |
| --- |
| Debtor name: <u>AFH Air Pros, LLC</u> |
| United States Bankruptcy Court for the Northern District of Georgia |
| Case number (If known): |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders *

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | C.M. HEATING INC. OKG GROUP, INC. F/K/A CM HEATING INC 1500 INDUSTRY STREET STE 200 EVERETT, WA 98203 | OKG GROUP, INC. F/K/A CM HEATING INC PHONE: 206-697-9258 EMAIL: JOHN@CMHEATING.COM; JAMES@CMHEATING.COM | SELLER LIABILITY | C/U/D | | | $  6,147,003.51 |
| 2 | DESPEDIDA HOLDINGS, INC. JOSE RAMIREZ 19033 JUPITER RIVER ROAD JUPITER, FL 33458 | JOSE RAMIREZ EMAIL: JOSERAMIREZ7@AOL.COM | SELLER LIABILITY | C/U/D | | | $  3,709,000.00 |
| 3 | C&P HANSEN HEATING AND COOLING, INC. CHAD SETCHELL 7718 ROCKSTONE LANE S MOBILE, AL 36695 | CHAD SETCHELL EMAIL: CHAD@HANSENAIR.COM | SELLER LIABILITY | C/U/D | | | $  2,644,000.00 |
| 4 | LAGRANGE AIR FORCE HEATING AND AIR, LLC GORDON, FOURNARIS & MAMMARELLA, P.A. 1925 LOVERING AVENUE WILMINGTON, DE 19806 | GORDON, FOURNARIS & MAMMARELLA, P.A. PHONE: 302-652-2900 EMAIL: PGIORDANO@GFMLAW.COM | SELLER LIABILITY | C/U/D | | | $  1,544,498.00 |
| 5 | JACK DENTON C/O EARL & EARL, PLLC 4565 HILTON PARKWAY ST. 228 COLORADO SPRINGS, CO 80907 | C/O EARL & EARL, PLLC PHONE: 719-900-2500 EMAIL: BRIAN@EARLANDEARL.COM | LITIGATION | C/U/D | | | $   960,915.46 |
| 6 | KROLL, LLC CURTIS B. LEITNER 250 W. 55TH STREET 13TH FLOOR NEW YORK, NY 10019 | CURTIS B. LEITNER PHONE: 212-609-6853 EMAIL: CLIETNER@MCCARTER.COM | TRADE | D | | | $   874,660.04 |
| 7 | WEST GEORGIA INDOOR COMFORT, LLC WILLIAM JONES 100 CORPORATE PARK E CT LAGRANGE, GA 30241 | WILLIAM JONES PHONE: 706-616-5721 EMAIL: JONES.WILLIAM2208@GMAIL.COM | SELLER LIABILITY | C/U/D | | | $   685,502.00 |
| 8 | UNIVERSAL RESTORATION, INC MIKE FORGIONE 1060 NE 27TH WAY POMPANO BEACH, FL 33062 | MIKE FORGIONE PHONE: 954-605-9018 EMAIL: SGHKHOLDINGS@GMAIL.COM | SELLER LIABILITY | C/U/D | | | $   623,000.00 |
| 9 | DOUG'S SERVICE COMPANY JEFF TAUZIN 1459 TIGER DRIVE THIBODAUX, LA 70301 | JEFF TAUZIN PHONE: 985-688-7044 EMAIL: JEFFDTAUZIN@GMAIL.COM | SELLER LIABILITY | C/U/D | | | $   570,000.00 |
| 10 | FIRST INSURANCE FUNDING 1503 CYPRESS RD POMPANO BEACH, FL 33060 | EMAIL: JILL.ROSENBERG@FIRSTINSURANCEFUNDING.COM | TRADE | | | | $   553,503.56 |
| 11 | ONE SOURCE HOME SERVICE, LLC JASON BIDWELL 3914 STAR ISLAND DRIVE HOLIDAY, FL 34691 | JASON BIDWELL EMAIL: COLORADO.CSR@AIRPROSUSA.COM | SELLER LIABILITY | C/U/D | | | $   545,000.00 |
| 12 | DREAM TEAM SERVICES, LLC TREY ANNISON 39062 REINNINGER RD DENHAM SPRINGS, LA 70706 | TREY ANNISON PHONE: 225-223-7445 EMAIL: ANNISONINVESTMENTS@GMAIL.COM | SELLER LIABILITY | C/U/D | | | $   450,000.00 |
| 13 | ENTERPRISE FM TRUST MARK J.TORRE 600 CORPORATE PARK DRIVE ST. LOUIS, MO 63105 | MARK J.TORRE PHONE: 706-298-9698 EMAIL: MARK.J.TORRE@EFLEETS.COM | TRADE | | | | $   460,964.66 |
| 14 | CONTINENTAL CASUALTY COMPANY 87 NE 44TH ST SUITE 5 OAKLAND PARK, FL 33334 | PHONE: 954-688-4697 FAX: 877-296-3858 EMAIL: INFO@CTLCASUALTY.COM | TRADE | | | | $   436,573.00 |

**\* On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor with respect to all or any portion of the claims contained herein.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.**

**Debtor** AFH Air Pros, LLC, et al.                                     Case number (if known) 25-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  DALLAS PLUMBING COMPANY<br>PO BOX 551648<br>DALLAS, TX 75355 | FAX: 214-348-1839<br>EMAIL: SERVICE@DALLASPLUMBING.COM | SELLER LIABILITY | C/U/D | | | $  280,000.00 |
| 16  MCGEE & HUSKEY, P.A.<br>EDWARD MCGEE, JR.<br>2850 NORTH ANDREWS AVENUE<br>FORT LAUDERDALE, FL 33311 | EDWARD MCGEE, JR.<br>PHONE: 954-563-8200<br>EMAIL: EMCGEE@MCGEEHUSKEY.COM | LITIGATION | C/U/D | | | $  224,139.69 |
| 17  LEARFIELD COMMUNICATIONS, LLC<br>5400 LYNDON B. JOHNSON FREEWAY<br>SUITE 100<br>DALLAS, TX 75240 | PHONE: 469-241-9191<br>EMAIL: AR@LEARFIELD.COM | TRADE | | | | $  205,043.00 |
| 18  CHANTEL LESTER<br>MICHAEL GONZALEZ<br>1000 N. ASHLEY DRIVE<br>SUITE 520<br>TAMPA, FL 33602 | MICHAEL GONZALEZ<br>FAX: 813-282-7806<br>EMAIL: MICHAEL@MICHAELGONZALEZLAW.COM | LITIGATION | C/U/D | | | $  197,878.00 |
| 19  FLORIDA PANTHERS HOCKEY CLUB LTD.<br>ATTN: GENERAL COUNSEL<br>ONE PANTHER PARKWAY<br>SUNRISE, FL 33323 | ATTN: GENERAL COUNSEL<br>EMAIL: LEGAL@FLORIDAPANTHERS.COM | TRADE | | | | $  139,416.65 |
| 20  WRIGHT TOTAL INDOOR COMFORT LLC<br>RASCO KLOCK PEREZ & NIETO, P.L.<br>2555 PONCE DE LEON BOULEVARD<br>SUITE 600<br>CORAL GABLES, FL 33134 | RASCO KLOCK PEREZ & NIETO, P.L.<br>PHONE: 305-476-7100<br>EMAIL: JANTORCHA@RASCOKLOCK.COM | LITIGATION | C/U/D | | | $  125,000.00 |
| 21  EFFECTV<br>951 W YAMATO RD<br>STE 265<br>BOCA RATON, FL 33431 | PHONE: 888-877-9799<br>EMAIL: EFFECTVCLIENTCARE@COMCAST.COM | TRADE | | | | $  75,512.27 |
| 22  CINTAS CORPORATION<br>MICHAEL P. BENNETT<br>3471 MAIN HIGHWAY<br>SUITE 206<br>COCONUT GROVE, FL 33133 | MICHAEL P. BENNETT<br>EMAIL: MBENNETT@BAKATTORNEYS.COM | LITIGATION | C/U/D | | | $  62,526.23 |
| 23  DATASITE LLC<br>733 S MARQUETTE AVE. SUITE 600<br>MINNEAPOLIS, MN 55402 | EMAIL: DATASITELEGAL@DATASITE.COM | TRADE | | | | $  52,426.48 |
| 24  ADRIENNE KOSTOV<br>THEODORE J. BERMAN<br>P.O. BOX 272789<br>BOCA RATON, FL 33427 | THEODORE J. BERMAN<br>PHONE: 561-826-5200<br>EMAIL: SERVICE@THEBERMANLAWGROUP.COM | LITIGATION | C/U/D | | | $  50,000.00 |
| 25  JUAN ESTRADA<br>ASHLEY CASSONE<br>12800 UNIVERSITY DRIVE<br>SUITE 600<br>FT. MYERS, FL 33907 | ASHLEY CASSONE<br>PHONE: 239-433-6880<br>EMAIL: ASHLEY.CASSONE@FORTHEPEOPLE.COM | LITIGATION | C/U/D | | | $  50,000.00 |
| 26  UNIFIRST<br>JORGE RAMIREZ ALMANZA<br>68 JONSPIN ROAD<br>WILMINGTON, MA 01887-1090 | JORGE RAMIREZ ALMANZA<br>PHONE: 239-600-3580<br>EMAIL: JORGE_RAMIREZALMANZA@UNIFIRST.COM | TRADE | | | | $  48,707.20 |
| 27  AMERICAN EAGLE<br>MATT VILLANO<br>2600 S. RIVER ROAD<br>DES PLAINES, IL 60018 | MATT VILLANO<br>PHONE: 847-699-0300<br>EMAIL: MATT.VILLANO@AMERICANEAGLE.COM | TRADE | | | | $  43,260.00 |
| 28  HVAC SUCCESS<br>28730 S CARGO CT<br>BONITA SPRINGS, FL 34135 | PHONE: 239-390-8144<br>EMAIL: KURT@HVACSUCCESS.COM | TRADE | | | | $  36,582.70 |
| 29  HEAT TRANSFER SYSTEMS OF GEORGIA, LLC<br>11350 OLD ROSWELL RD #1300<br>ALPHARETTA, GA 30009 | PHONE: 770-475-7740<br>EMAIL: DKELLY@GACOOLINGTOWER.NET;<br>MUNDERWOOD@GACOOLINGTOWER.NET | TRADE | | | | $  33,304.00 |
| 30  GALLAGHER BENEFIT SERVICES, INC.<br>ODI ROMERO<br>7771 W OAKLAND PARK BLVD<br>SUNRISE, FL 33351 | ODI ROMERO<br>PHONE: 954-377-0581<br>FAX: 303-220-7010; 954-267-0401<br>EMAIL: SELECTCLIENTSERVICE@AJG.COM;<br>INFO@BCS-BENEFITS.COM | TRADE | | | | $  30,875.01 |

**Fill in this information to identify the case and this filing:**

Debtor Name __Hansen Air Pros, LLC__

United States Bankruptcy Court for the: __Northern__          District of __Georgia__
                                                                    (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* _____

☑  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑  Other document that requires a declaration___Consolidated Corporate Ownership Statement and List of Equity Security Holders___

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __03/16/2025__          ✘ */s/ Andrew D.J. Hede*_____
              MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                              __Andrew D.J. Hede_____
                                              Printed name

                                              __Chief Restructuring Officer_____
                                              Position or relationship to debtor